IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **YULIA S., et al.,**  *Plaintiffs,*  v.  **HATBORO-HORSHAM SCHOOL DIST.,**  *Defendant.* | **Case No. 2:21-cv-02011-JDW** |

### ORDER

**AND NOW**, this 15th day of November, 2021, for the reasons stated in the accompanying Memorandum, it is **ORDERED** Plaintiffs' Motion For Partial Judgment On The Pleadings (ECF No. 17) is **DENIED**.

It is **FURTHER ORDERED** that, in light of the accompanying Memorandum, the Plaintiffs shall, in a brief, not to exceed ten pages filed on or before December 3, 2021, explain why the Court should not grant judgment on the pleadings as to the due process claims pursuant to *Minnesota Laws. Mut. Ins. Co. v. Ahrens*, 432 F. App'x 143, 147–48 (3d Cir. 2011).[1]

---

[1] *See Alja-Iz v. U.S. Virgin Islands Bd. of Educ.*, 625 F. App'x 591, 593 n.1 (3d Cir. 2015); *see also Hoai Thanh v. Ngo*, No. CIV. PJM 14-448, 2015 WL 2227923, at *2 n.1 (D. Md. May 8, 2015); *Flora v. Home Fed. Sav. & Loan Ass'n*, 685 F.2d 209, 211–12 (7th Cir.1982); *Lyon v. Chase Bank USA, N.A.*, 656 F.3d 877, 883 (9th Cir.2011); 5c Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1367 (3d ed. 2021). ("Rule 12(c) envisions a motion for judgment on the pleadings by one of the parties to the action. However, the Seventh Circuit has held that federal courts may grant judgment on the pleadings *sua sponte* if it is clear that one side is assured of victory as a matter of law and there is no material factual dispute. This approach seems both sound and efficient.").

**BY THE COURT**:

*/s/ Joshua D. Wolson*
HON. JOSHUA D. WOLSON
United States District Judge