IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Yuliya S. and Alexis P., individually and on behalf of their minor child, A. P.,<br><br>*Plaintiffs,*<br>v.<br><br>Hatboro-Horsham School District,<br><br>*Defendant.* | Case No. 2:21-cv-02011 |

MEMORANDUM

Plaintiffs Yuliya S. and Alexis P. ("Parents") have reached a settlement with Hatboro-Horsham School District to resolve their claims alleging violations of the Individuals with Disabilities Education Act, Section 504 of the Rehabilitation Act of 1973, and the Americans with Disabilities Act. Parents have asked the Court to approve the settlement because it involves a minor, Parents' son A. P. The Court will approve the substantive settlement, but it cannot approve the attorneys' fees on the record before it.

I.   BACKGROUND

   A.   A. P.'s Educational Needs

A. P. and Parents reside in the District. A. P. has a variety of disabilities including autism, a feeding disorder, severe allergies, avoidant restrictive food intake disorder, social communication disorder, and anxiety. A. P. was eligible to attend kindergarten in September 2019. In June 2018, Parents tried to contact the District about A. P., but the District did not respond. They contacted the District again in June 2019 and said they intended to send A. P. to a private school at the District's expense, but the District was again unresponsive. Parents sent A. P. to private school for kindergarten. The same pattern played out in advance

of the next school year, and Parents enrolled A. P. at the same private school. A. P. is currently in second grade at the private school, and he receives accommodations for his disabilities.

### B.   Procedural History

Parents filed an administrative complaint against the District on July 17, 2020. They sought reimbursement for an independent educational evaluation of A. P. and for his private school tuition and related expenses. A Pennsylvania Special Education Due Process Hearing Officer presided over an administrative proceeding and issued a decision in the District's favor.

Parents filed this case to challenge the Hearing Officer's decisions. They alleged that the District violated the IDEA, the Rehab Act, and the ADA. Parents filed a Motion For Partial Judgment On The Pleadings, which this Court denied. On November 2, 2021, Parents filed a second administrative complaint against the District, alleging its failure to (1) identify A. P. with qualifying disabilities and (2) offer him an IEP. Parents sought, in addition to other relief, tuition reimbursement for the 2021-2022 school year.

The Court held a settlement conference on February 22, 2022, which resulted in an agreement.

Under the terms of the Settlement Agreement, the District will provide:

- (1) tuition reimbursement to Parents for A. P.'s enrollment at the private school for the 2020-2021, 2021-2022, and 2022-2023 school years;
- (2) partial reimbursement of the costs incurred by Parents for A. P.'s independent educational evaluation in the amount of $4,500; and
- (3) reimbursement of attorneys' fees in the amount of $52,500.

Parents filed a Motion to Approve Minor's Compromise on March 14, 2022. Parents claim the settlement is in A. P.'s best interests and that the attorneys' fees included in the settlement are reasonable. The motion is now ripe for a decision.

II.     **LEGAL STANDARD**

Local Rule 41.2 requires court approval for any settlement involving a minor. *See* Local R. 41.2(a). In evaluating the proposed settlement, the Court must "determine the fairness of [the] settlement agreement and the reasonableness of any attorneys' fees to be paid from the settlement amount …." *Nice v. Centennial Area Sch. Dist.*, 98 F. Supp. 2d 665, 667 (E.D. Pa. 2000). To determine the fairness of a minor's compromise in a federal civil rights action, the Court looks to state law. *See id.* at 669.

Pennsylvania Rule of Civil Procedure 2039(a) provides that "[n]o action to which a minor is a party shall be compromised, settled[,] or discontinued except after approval by the court pursuant to a petition presented by the guardian of the minor." Pa. R. Civ. P. 2039(a). When the court approves a minor's compromise, it shall "make an order approving or disapproving any agreement entered into by the guardian for the payment of counsel fees and other expenses out of the fund created by the compromise[.]" *Id.* at 2039(b).

III.    **ANALYSIS**

   A.   **Fairness Of Settlement Amount**

A petition to approve a minor's settlement must contain sufficient information to allow the court to protect the best interests of the minor. *See Calvert v. Gen. Acc. Ins. Co.*, No. 99-cv-3599, 2000 WL 124570, at *5 (E.D. Pa. Feb. 2, 2000). The petition should include relevant facts, including "evidence of the need for future medical care and future expenses, description of the minor's physical and mental condition, and evidence of the extent and

3

duration of the injuries." *Id*. In evaluating the value of the lawsuit, the court should give "considerable weight" to the judgment of both counsel and the parties. *Matter of McLean Contracting*, No. 14-cv-5676, 2017 WL 2618855, at *1 (E.D. Pa. June 16, 2017).

The Settlement Agreement is in A. P.'s best interests. It provides compensation beyond what Parents had requested in their prior administrative complaints. The District will reimburse A. P.'s private school tuition for not only the 2020-2021 and 2021-2022 school years, but also for the 2022-2023 school year. The Agreement will also allow A. P. to remain in a learning environment that is suited for his physical and educational needs. Parents have indicated that A. P. "has continued to thrive" at the private school, making it "an appropriate placement." (ECF No. 32 at 5 ¶ 16; ECF No. 32-1 at 10, ¶ 24.) The Settlement provides all of the substantive relief that Parents requested, except that it only partially reimburses Parents for A. P.'s independent educational evaluation. Under these circumstances, the Court concludes that the Settlement Agreement is fair, reasonable, and in A. P.'s best interests.

B.   Reasonableness Of Attorneys' Fees

The Court cannot approve Parents' request for payment of attorneys' fees because Parents have not provided any information. They assert that their counsel has agreed to compromise its bill and take only a fraction of the accrued fees. That might be true, but the Court has no way of knowing because Parents have not submitted any legal bills, a declaration, or anything else to permit the Court to assess the reasonableness of counsel's lodestar or the discount that Parents claim counsel has taken. Without that information, the Court has no choice but to deny the Motion as to attorneys' fees.

## IV.    CONCLUSION

For the reasons stated above, the Court will approve the substantive parts of the Settlement Agreement but will deny the request for attorneys' fees. Parents are free to resubmit a request for attorneys' fees, with appropriate support. An appropriate Order follows.

BY THE COURT:

*/s/ Joshua D. Wolson*
HON. JOSHUA D. WOLSON
United States District Judge

April 19, 2022