IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Yuliya S. and Alexis P., individually and on behalf of their minor child, A. P.,<br><br>*Plaintiffs,*<br>v.<br><br>Hatboro-Horsham School District,<br><br>*Defendant.* | Case No. 2:21-cv-02011 |

MEMORANDUM

The Court has approved the substantive terms of the Settlement Agreement between Plaintiffs Yuliya S. and Alexis P. ("Parents") and Defendant Hatboro-Horsham School District, resolving Parents' claims alleging violations of the Individuals with Disabilities Education Act, Section 504 of the Rehabilitation Act of 1973, and the Americans with Disabilities Act. After receiving additional information from Parents regarding the proposed amount of attorneys' fees, the Court is able to assess the reasonableness of that amount and will approve Parents' request for attorneys' fees.

I.   BACKGROUND

Because the Court writes for the benefit of the Parties, and because resolution of Parents' Motion To Approve Plaintiffs' Attorneys' Fees does not turn on the underlying facts of this matter, the Court need not recite the full factual and procedural history. Instead, the Court incorporates by reference the factual recitation set forth in its prior Memorandum. *See Yuliya S. v. Hatboro-Horsham Sch. Dist.*, No. 2:21-CV-02011, 2022 WL 1157653, at *1 (E.D. Pa. Apr. 19, 2022).

In the prior Memorandum and Order, the Court granted Parents' motion to approve the substantive parts of their Settlement Agreement with the School District, but it denied their request for attorneys' fees, as Parents had not provided the Court with any documentation to assess the reasonableness of those fees. In denying that portion of the Settlement Agreement, the Court granted Parents leave to file a renewed motion for approval of the attorneys' fees. Parents' renewed motion is before the Court.

## II.    LEGAL STANDARD

Local Rule 41.2 requires court approval for any settlement involving a minor. *See* Local R. 41.2(a). In evaluating the proposed settlement, the Court must "determine the fairness of [the] settlement agreement and the reasonableness of any attorneys' fees to be paid from the settlement amount …." *Nice v. Centennial Area Sch. Dist.*, 98 F. Supp. 2d 665, 667 (E.D. Pa. 2000). To determine the fairness of a minor's compromise in a federal civil rights action, the Court looks to state law. *See id.* at 669.

Pennsylvania Rule of Civil Procedure 2039(a) provides that "[n]o action to which a minor is a party shall be compromised, settled[,] or discontinued except after approval by the court pursuant to a petition presented by the guardian of the minor." Pa. R. Civ. P. 2039(a). When the Court approves a minor's compromise, it shall "make an order approving or disapproving any agreement entered into by the guardian for the payment of counsel fees and other expenses out of the fund created by the compromise[.]" *Id.* at 2039(b).

## III.   ANALYSIS

### A.    The Court's Authority To Assess Attorneys' Fees

Local Rule of Civil Procedure 41.2(a) provides that "[n]o claim of a minor … shall be compromised, settled, or dismissed unless approved by the court." L. R. Civ. P. 41.2(a). That

rule gives effect to the Court's "inherent and important duty to protect the interests of minors … who appear before it," including to "ensure that the settlement does not infringe upon the substantive rights of the minor." *Mililllo v. CEC Ent., Inc.*, No. 16-cv-298, 2016 WL 4039646, at *1 (E.D. Pa. July 28, 2016) (citation omitted).

Pursuant to the Settlement Agreement, the District is paying Parents' attorneys' fees separate and apart from the other substantive terms in the agreement, rather than from an overall settlement fund. The plain language of the Local Rule makes clear that the Court is tasked with approving the Settlement Agreement, which includes a provision requiring the District to pay Parents' attorneys' fees. (ECF No. 35-1 at ¶ 11.) Because the Court is empowered to review **all** of the terms of Settlement Agreement, including the term governing attorneys' fees, the Court may assess the reasonableness of those fees, just as it does when confronted with any fee petition. Indeed, in their prior motion to approve the Settlement Agreement, Parents recognized that "[i]n considering motions to approve a minor's compromise, courts generally evaluate … the reasonableness of the requested counsel fees." (ECF No. 32 at ¶ 15.)

Parents invoke Local Rule 41.2(c) and argue that the Court lacks the power to consider and approve the request for attorneys' fees because the fees do not come from a common fund. But Rule 41.2(c) does not mean that the Court lacks the power to approve a settlement that pays fees separately from the settlement fund. If it did mean that, then the rule would create an enormous loophole, and the Court would not be able to determine "whether the settlement … is fair and in the best interests of the minor." *Dennis v. Pfizer Inc.*, No. 18-cv-2501, 2021 WL 5788458, at *2 (E.D. Pa. Dec. 6, 2021) (quotation omitted). The reality is that many defendants have a fixed amount of money they are willing to pay to

resolve a case, and they might be agnostic about dividing it between the plaintiff and plaintiff's counsel and about the structure of that division. But in a case involving a minor or incapacitated person, Rule 41.2(a) requires the Court to make sure the division protects the minor's or incapacitated person's interests, regardless of structure.

B.  Reasonableness Of Attorneys' Fees

In statutory fee-shifting cases such as this one, courts utilize the lodestar method to assess whether the proposed attorneys' fees are reasonable. *See S.S. Body Armor I., Inc. v. Carter Ledyard & Milburn LLP*, 927 F.3d 763, 773 (3d Cir. 2019). Pursuant to the lodestar method, the Court multiplies the number of hours the attorney(s) "reasonably worked on a client's case by a reasonable hourly billing rate for such services given the geographical area, the nature of the services provided, and the experience of the lawyer." *Id.* (quotation omitted).

To determine whether an attorney's hourly rate is reasonable, the Court looks to the prevailing market rate in the forum where the case is being litigated. *See Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 426 F.3d 694, 704-05 (3d Cir. 2005). The Community Legal Services of Philadelphia's sample fee schedule[1] indicates that Parents' counsels' hourly rates are reasonable. In addition, the Court has reviewed counsels' time entries and concludes that the hours they spent representing Parents over the course of three years, at the administrative level and in this litigation, are reasonable. Thus, the total fees of $271,335 are presumptively reasonable. *See S.S. Body Armor*, 927 F.3d at 773. The reduced fee of $52,500 in the Settlement Agreement is also reasonable.

---

[1] The CLS fee schedule is available online at https://clsphila.org/about-community-legal-services/attorney-fees/.

IV.	CONCLUSION

For the reasons stated above, the Court will approve the attorneys' fee portion of the Settlement Agreement.  An appropriate Order follows.

BY THE COURT:

*/s/ Joshua D. Wolson*
HON. JOSHUA D. WOLSON
United States District Judge

May 9, 2022